UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE E. DUDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Consolidated Case |
| v. | ) | No. 4:13CV1008 CDP |
| | ) | |
| FIRST COMMUNITY CREDIT UNION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| VALERIE E. DUDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Consolidated Case |
| v. | ) | No. 4:13CV1009 AGF |
| | ) | |
| FIRST COMMUNITY CREDIT UNION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Valerie Dudley for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to

28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Plaintiff's Allegations

Plaintiff brings these actions under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and for violations of the FDIC regulations. The named defendants are First Community Credit Union ("FCCU"); Milsap & Singer, LLC; the St. Ann Police

Department; the St. Louis County Sheriff's Department; and the St. Louis County Courts.  Plaintiff seeks monetary and injunctive relief.

In both complaints, plaintiff alleges:

FCCU transferred funds which I had not authorized making those funds unavailable for my mortgage payment.  FCCU would not return my funds when I requested it, nor would FCCU pay the mortgage with the funds.  Instead, the funds were transferred to person(s) and entities not associated with my mortgage payment.  Further, FCCU misused and redirected the funds placed in escrow account making those funds unavailable.  This occured [*sic*] in 7 of the 8 years of my mortgage, a 30 year fixed contract.  In addition, FCCU made up its own self-serving rules regarding mortgage fees and interest in an attempt to make my mortgage payments unaffordable.  Per anum [*sic*], FCCU attempted to regain my home.  In 2013 (May), FCCU used the other defendants to harass me, violently removing me from my home, and then stating that my home is vacant among other assaults.

## Discussion

The Truth in Lending Act ("TILA") requires that a creditor or lessor disclose to the person who is obligated on a consumer lease or a consumer credit transaction the information required under the Act.  15 U.S.C. § 1631(a).  The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . ."  15 U.S.C. § 1601(a).  TILA mandates that certain information be "clearly and conspicuously disclosed," such as the "annual percentage rate" and "finance charge."  15 U.S.C. § 1632(a).  Plaintiff has not alleged that any

of the defendants failed to disclose the information required under the TILA. As a result, plaintiff's claims under TILA fail to state a claim upon which relief can be granted.

Plaintiff has not identified any federal authority permitting a private cause of action against FCCU for violations of the FDIC regulations. And the courts that have addressed this issue have held that "Congress has not provided for a private federal action based upon the violation of the FDIC regulations . . . ." Columbus Bank & Trust Co. v. CompuCredit Corp., 2008 WL 4098950 *5 (M.D. Ga. 2008); see Vincent v. Wells Fargo Bank, 2009 WL 4039681 *4 (noting enforcement mechanism of 12 C.F.R. § 323.7 and finding no private cause of action under FDIC regulations); Azar v. National City Bank, 2009 WL 3668460 (M.D. Fla. 2009) (no private cause of action). Consequently, the Court finds that plaintiff's claims for violation of the FDIC or other banking regulations do not state a claim upon which relief can be granted.

For these reasons, the Court will dismiss this consolidated action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis are **GRANTED**.


**IT IS FURTHER ORDERED** that plaintiff's remaining motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of May, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE